UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HAYS LEONARD**                                          **CIVIL ACTION**

**VERSUS**

**NO. 15-675-JJB-RLB**

**SENTRY SELECT INSURANCE**
**COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 11, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HAYS LEONARD**                                                **CIVIL ACTION**

**VERSUS**

                                                                            **NO. 15-675-JJB-RLB**

**SENTRY SELECT INSURANCE COMPANY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 8). The motion is opposed. (R. Doc. 9). For the following reasons, the undersigned recommends that Plaintiff's Motion to Remand be **DENIED**.

**I.    Background**

Hays Leonard ("Plaintiff") filed this personal injury suit on September 17, 2015 in the 18th Judicial District Court, West Baton Rouge Parish, Louisiana. (R. Doc. 1-2, "Petition"). Plaintiff alleges that while he was traveling by vehicle, Koffikouma Amedeya, driving a freight truck, struck him from behind and pushed his vehicle into the rear of another vehicle. (Petition, ¶ 3). Plaintiff seeks to recover various damages, including physical and mental pain, suffering, anguish, physical disability and/or impairment of functions and activities, loss of income and/or loss of earning capacity, and loss of enjoyment of life. (Petition, ¶ 6). In addition, Plaintiff seeks to recover "medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel, and other related and necessary expenses." (Petition, ¶ 7). Plaintiff specifically alleges that his "damages do not exceed $74,999.99." (Petition, ¶ 10).

On September 28, 2015, Plaintiff served the Petition on Sentry Select Insurance Company, Tritax Freighters, LLC, and Mr. Amedeya (collectively, "Defendants"). (R. Doc. 1 at 2-3).

On October 1, 2015, Plaintiff sent a letter to Defendants seeking settlement of his claims for $215,000. (R. Doc. 9-1).

On October 10, 2015, Defendants removed the action on the basis that Plaintiff's settlement demand letter constitutes an "other paper" pursuant to 28 U.S.C. § 1446(b)(3) providing that the amount in controversy requirement is satisfied. (R. Doc. 1). Defendants allege that the court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

On November 25, 2015, Plaintiff sought settlement of his claims for $72,500, and Defendants counter-offered for $25,000. (R. Doc. 13-1).

On December 11, 2015, Plaintiff filed the instant motion seeking to remand the action back to state court on the basis that the amount in controversy requirement is not satisfied. (R. Doc. 8).

## II.   Arguments of the Parties

In support of remand, Plaintiff "avers that his damages do not exceed the $75,000 threshold for federal diversity jurisdiction under 28 U.S.C. § 1332." (R. Doc. 8 at 2).

In opposition, Defendants argue that the amount in controversy requirement has been satisfied in light of Plaintiff's pre-removal settlement demand of $215,000. (R. Doc. 9 at 1). Defendants argue that the pre-removal settlement demand constitutes an "other paper" demonstrating that the amount in controversy requirement is satisfied, despite the fact that the amount in controversy is not facially apparent. (R. Doc. 9 at 2-3).

2

In reply, Plaintiff argues that his pre-removal settlement demand only sought an "unreasonably high" amount as a negotiation tactic, and that the demand for $215,000 is not representative of the actual amount in controversy. (R. Doc. 13 at 2). Plaintiff further argues that his subsequent post-removal settlement demand and Defendants' counteroffers were for less than the amount in controversy requirement. (R. Doc. 13-1 at 2). In essence, Plaintiff argues that the post-removal settlement negotiation between the parties demonstrates that the amount in controversy requirement is not satisfied.

**III.    Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

3

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity,[1] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The court will first consider whether it is facially apparent from the Petition that Plaintiff's claims likely exceed $75,000. If not, the court will then look to the facts in controversy that support a finding of the jurisdictional minimum.

In this personal injury case, Plaintiff alleges broad categories of damage, including physical and mental pain, suffering, anguish, physical disability and/or impairment of functions and

---

[1] Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 2). None of the defendants is a citizen of Louisiana: Sentry Select Insurance Company is a citizen of Wisconsin; Tritax Freighters, LLC is a citizen of Texas; and Mr. Amedeya is a citizen of Texas. (R. Doc. 1 at 2).

4

activities, loss of income and/or loss of earning capacity, and loss of enjoyment of life. (Petition, ¶ 6). The Petition does not provide any facts for determining the severity of the injuries other than the unsupported categories of damages alleged. Furthermore, Plaintiff specifically alleges that the amount in controversy required to support federal jurisdiction does not exist. (Petition, ¶ 10). Based on the foregoing, the court concludes that the amount in controversy is not facially apparent.

Because the amount in controversy is not facially apparent, the court must determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified through submission of summary judgment type evidence. This court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995).[2] While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's

---

[2] All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that pre-petition settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See*, *e.g.*, *Kimble v. Am. First Ins. Co.*, No. 14-67, 2014 WL 1761556 (M.D. La. Apr. 28, 2014) (denying remand where settlement demand sought exhaustion of policy limits of $100,000 and referenced allegedly similar cases, all of which had damage awards in amounts greater than $100,000, and subsequent settlement demand was for $95,000); *Broussard v. Celebration Station Properties, Inc.,* No. 13-531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n. 8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. & Cas. Ins. Co.*, No. 03-1900, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *2-3 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc.,* No. 08-385, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37).

claims." *McGlynn v. Huston,* 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917, 46 Fed. App'x. 226 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F.3d 908 (5th Cir. 2002); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir. 1994)). Accordingly, the court will consider whether Plaintiff's pre-removal settlement demand in this case evidences that the amount in controversy requirement was satisfied at the time of removal.[3]

Defendants submitted a post-petition, pre-removal settlement letter dated October 1, 2015 in which Plaintiff demanded a settlement of $215,000 based on Plaintiff's diagnosis. (R. Doc. 9-1). The settlement demand letter states that Plaintiff's medical expenses at the time were $12,344.85, and listed four new injuries, including a disc bulge at C3-4, disc herniation at C4-5 and C5-6, and an annular tear at C4-5. The settlement demand letter further states that Plaintiff had an "abnormal T2 signal" representing edema and possible hemorrhage of the disc; an "acute insult" to the disc was suspected, and noted a possibility of future neurosurgical, as well as orthopedic, needs. The settlement demand letter specifically asserts "herniation is a very serious injury that is easily worth six figures." In support of this assertion, Plaintiff's counsel cited several cases where plaintiffs recovered significant awards over $75,000 where the plaintiffs had suffered from herniated discs.[4]

---

[3] In the context of determining whether removal is timely, a post-petition, pre-removal settlement demand letter may constitute an "other paper" pursuant to § 1446(b)(3) so long as it is "not plainly a sham" and resulted from a "voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *See Addo v. Globe Life and Accident Insurance Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The timeliness of removal has not been raised by any party and thus the court is only looking to the settlement demand as evidence of the amount in controversy.

[4] The settlement demand letter referenced the following decisions: *Keller v. City of Plaquemine*, 700 So.2d 1285 (La. App. 1st Cir. 1997); *Day v. Ouachita Parish School Bd.*, 823 So. 2d 1039 (La. App. 2nd Cir. 2002); *Beard v. Coregis Ins. Co.*, 968 So.2d 278 (La. App. 3rd Cir. 2007); and *Anderson v. Tenneco Oil Co.*, 826 So.2d 1143 (La. App. 4th Cir. 2002). In each of these cases, surgery was recommended on the plaintiff. The prospect of spinal surgery is significant in determining whether the amount in controversy requirement is satisfied. *See Cage v. Hobby Lobby Stores, Inc.*, No. 14-58, 2015 WL 803120, at *4-5 (M.D. La. Feb. 25, 2015) (prospect of lumbar fusion surgery considered in determining that the amount in controversy requirement was satisfied at the time of removal).

Case 3:15-cv-00675-JJB-RLB   Document 20   03/11/16   Page 8 of 10

Based on the foregoing, the court concludes that the amount demanded is an honest assessment of the value of the Plaintiff's claims.

Plaintiff has failed to provide any controverting evidence demonstrating to a "legal certainty" that his claim, at the time of removal, was for less than his pre-removal settlement demand. Plaintiff's jurisdictional allegation in the Petition does not satisfy Plaintiff's burden "since Louisiana law would not limit his recovery to less than $75,000 if he later sought a larger amount or the evidence supported a larger award." *Kimble*, 2014 WL 1761556, at *3. In essence, Plaintiff's allegation in the Petition that the jurisdictional requirement is not satisfied does not constitute a binding stipulation. "Because Louisiana plaintiffs are not limited to recovery of the damages listed in their pleadings, a plaintiff must make a judicial confession by affirmatively waiving the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F. Supp. 2d 775, 779 (W.D. La. 2008) (citing La. C.C. Art. 1853; La. C.C.P. art 862)); *see also Pollet*, 2002 WL 1939917 at *1 n.5 (noting that plaintiff "was free, but failed, to file a binding stipulation to the court prior to removal indicating that she would seek no more than $75,000 in damages. Such a stipulation timely filed could have prevented removal.").

Similarly, Plaintiff's post-removal settlement demand of $72,500 does not establish to a legal certainty that Plaintiff's claim is worth less than the jurisdictional amount. If anything, it is a post-removal event providing support to the conclusion that the amount in controversy requirement was satisfied at the time of removal. The Fifth Circuit has stated that a "plaintiff's settlement offer is ordinarily less than the damages the plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial." *Kliebert v. The Upjohn Co.*, 915 F.2d 142, 145 (5th Cir. 1990), *vacated for reh'g en banc,* 923 F.2d 47 (5th Cir. 1991), *appeal dism'd*

7

*per stipulation of settlement,* 947 F.2d 736 (5th Cir. 1991) (although not binding, this analysis is nevertheless instructive on this point).  Accordingly, when put into context with the earlier pre-removal settlement demand, the post-removal settlement demand of $72,500 indicates that the amount in controversy exceeds the jurisdictional amount.  *See Hammel v. State Farm Fire & Cas. Co.*, No. 06-7470, 2007 WL 519280, at *4 (E.D. La. Feb. 14, 2007) (defendants demonstrated, by a preponderance of evidence, that the amount in controversy requirement was satisfied where plaintiffs valued their damages to be $86,800, but offered to settle for $70,000, although plaintiffs ultimately demonstrated to a legal certainty that their claims were for less than $75,000 based on a binding post-removal stipulation).

       Finally, the parties' post-removal settlement negotiations do not divest the court of jurisdiction.  *See*, *e.g.*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292-93 ("[A] plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."); *Pollet*, 2002 WL 1939917 at *1 ("[A]ny post-removal action taken . . . including . . . post-removal settlement demands, is immaterial to our determination whether [the] claim exceeds $75,000 for federal diversity jurisdiction.").

**IV.**    **Conclusion**

       Based on the foregoing, Defendant has met its burden of demonstrating that the amount in controversy requirement was satisfied at the time of removal, and that this court has subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a).  Plaintiff has provided

no controverting evidence demonstrating to a legal certainty that the amount in controversy requirement is not satisfied. Furthermore, the parties' post-removal settlement negotiations do not deprive this court of subject matter jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 8) be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 11, 2016.

                                                                        _____
                                                                        **RICHARD L. BOURGEOIS, JR.**
                                                                        **UNITED STATES MAGISTRATE JUDGE**